# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGG A. TUSEN,<br><br>      Plaintiff,<br>v.<br><br>M&T BANK CORPORATION,<br><br>      Defendant. | Case No. 16-cv-4339<br><br>SECOND AMENDED COMPLAINT<br><br>AND DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff, Gregg A. Tusen, brings this action to secure redress from unlawful credit and collection practices engaged in by M&T Bank Corporation. Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), and the Minnesota Deceptive Trade Practices Act.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, as this case presents a federal question, and 28 U.S.C. § 1367 for pendent state law claims.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b)(2), because this is where the acts giving rise to the claim occurred.

4. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Minnesota, since they conduct business in Minnesota.

## PARTIES

5. Plaintiff, Gregg A. Tusen ("Plaintiff"), is an individual who resides in the City of Albert Lea, County of Freeborn, State of Minnesota.

-1-

6. Defendant, M&T Bank ("Defendant"), is a New York corporation that does business in Minnesota.

## FACTUAL ALLEGATIONS

7. Plaintiff is disabled and lives on a fixed-income.

8. Plaintiff fell behind on his mortgage loan and filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Minnesota on November 1, 2012.

9. Plaintiff's bankruptcy petition included real property located in Albert Lea, Minnesota with an estimated value of $65,000, secured by a $103,225 mortgage with Bank of America.

10. Plaintiff's Chapter 13 Plan included a delinquency of $1,560 owed to Bank of America.

11. On April 23, 2013, Bank of America filed a document with the bankruptcy court titled *Notice of Postpetition Mortgage Fees, Expenses, and Charges* for $150.00 (an amount M&T attempted to collect later; see ¶ 21, infra).

12. In a letter dated July 25, 2013, Defendant sent plaintiff notice that his mortgage servicing rights are "being assigned, sold or transferred from Bank of America, N.A. to **M&T Bank effective August 2, 2013**." See Exhibit 1.

13. On November 23, 2015, the Chapter 13 Trustee filed a document with the bankruptcy court titled *Trustee's Notice of Final Cure Payment* ("Trustee's Notice") for claim holder M&T Bank. The Trustee's Notice stated that the "debtor (Plaintiff) has completed all payments under the plan and has paid in full the amount required to cure the default under the claim holder's claim, in accordance with the terms of the confirmed chapter 13 plan."

14. On December 22, 2015, Plaintiff received his Chapter 13 discharge.

15. From the date of filing on November 1, 2013 through the discharge on December 22, 2015, Plaintiff remained current on his monthly mortgage payments.

### ***Defendant's False Claim for Recoverable Corporate Advance***

16. In a mortgage statement dated January 4, 2016, Defendant claimed $1,338.65 was due by February 1, 2016. In addition to the monthly mortgage payment of $688.85, Defendant added a "Recoverable Corporate Advance" of $650.00.

17. Plaintiff disputed the "Recoverable Corporate Advance" of $650.00 with Defendant.

18. In a letter dated February 3, 2016, M&T responded to Plaintiff's dispute. See <u>Exhibit</u> 2. This letter included a breakdown of the "Recoverable Corporate Advance" of $650.00:

    | 11/13/2012 | Filing Fee    | $150 |
    | 12/07/2015 | Attorney Fees | $500 |
    |            |               | $650 |

    The letter stated "These funds will continue to appear on your monthly statement until they have been paid in full." This letter also included the following language:

    > M&T Bank is attempting to collect a debt and any information obtained will be used for that purpose.

19. Plaintiff disputed the $650 fee with the Consumer Financial Protection Bureau and the State of Minnesota Attorney General.

20. In a letter dated March 9, 2016, Plaintiff also mailed Defendant a Qualified Written Request (QWR) regarding the $650 fee.

21. In a letter dated March 30, 2016, Defendant explained that $500 of the $650 "Recoverable Corporate Advance" should not have been charged to Plaintiff. The remaining $150 was assessed as a result of the *Notice of Postpetition Mortgage Fees, Expenses, and Charges* filed with the bankruptcy court on April 23, 2013.

### *Defendant's Communications of False Credit information*

22. After receiving his bankruptcy discharge, Plaintiff attempted to lower his monthly mortgage payment by refinancing his mortgage.

23. Plaintiff's attempts to refinance his mortgage were frustrated by Defendant's communications to users of credit reports and credit reporting agencies that Plaintiff was late paying his mortgage.

24. Defendant's communications regarding Plaintiff's credit information were false.

25. On February 22, 2016, PrimeLending requested a credit report from Kroll Factual Data ("Kroll Report"). According to the Kroll report, Defendant reported that Plaintiff was delinquent paying his mortgage for the seven (7) months between August 2014-February 2015. Specifically, Defendant reported that Plaintiff was thirty (30) days late for 8/14, 9/14, 10/14, 11/14, 12/15 and 2/15, and sixty (60) days late for 1/14.

26. The Kroll Report also provided Plaintiff's credit scores: Experian-663, Equifax-651 and TransUnion-599.

27. On February 23, 2016, Plaintiff requested his credit report from TransUnion ("TransUnion report"). According to the TransUnion report, Defendant reported that Plaintiff was current for all mortgage payments except the months between August 2014-February 2015.

28. On March 9, 2016, Plaintiff mailed disputes to Kroll and TransUnion.

29. In a letter dated March 30, 2016 (the same letter in ¶ 20) Defendant responded to Plaintiff's dispute: "M&T has confirmed the information reported to the consumer credit reporting bureaus for your loan is accurate."

30. Plaintiff disputed his TransUnion Report online.

31. In a letter dated April 5, 2016, Defendant responded to Plaintiff's online dispute. Defendant, again, confirmed its reporting:

> After *__careful__* review of the above account it has been determined that this account is reporting accurately in accordance with the bankruptcy laws and guidelines for the Chapter 13 Bankruptcy filed on November 1, 2012 and discharged December 22, 2015…We apologize for any inconvenience, but we are required by the Fair Credit Reporting Act to report all factual information to your credit profile. (emphasis added).

32. On June 22, 2016, Plaintiff mailed disputes to Kroll and TransUnion. Included with these disputes were bank statements from August 2014-February 2015 showing that his monthly mortgage payments were made on time.

33. Upon information and belief, Defendant confirmed that the information reported to the consumer credit reporting bureaus were accurate.

34. On September 13, 2016, MCT Mortgage of Albert Lea LLC requested Plaintiff's credit report from CoreLogic Credco. The CoreLogic Credco Report accurately reported that Plaintiff has been current on his mortgage payments to Defendant for the thirty-seven (37) months that Defendant has serviced the loan.

35. With an accurate credit report, Plaintiff successfully refinanced his mortgage with MCT Mortgage of Albert Lea LLC.

## CLAIMS

### First Cause of Action
### Violations of the FDCPA (15 U.S.C. § 1692)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff incurred a financial obligation, a mortgage with Bank of America, that was primarily for personal, family or household purposes, that allegedly went into default for

late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5).

38. At the time Bank of America transferred its mortgage servicing rights to Defendant, Plaintiff was in default. Therefore, Defendant is a debt collector as defined by 15 U.S.C. § 1692(a)(6) of the FDCPA.

39. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

40. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

41. Defendant violated the FDCPA. Defendant violated 15 U.S.C. §§ 1692e and 1692f, as evidenced by the following conduct:

**§ 1692e. False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—
(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt. . .

**§ 1692f. Unfair Practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

42. Defendant violated §§ 1692e and 1692f by attempting to collect a fee from Plaintiff that it was not entitled and by communicating with credit reporting agencies that Plaintiff was delinquent paying his mortgage.

## Second Cause of Action
## Violations of the FCRA (15 U.S.C. § 1681)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The FCRA requires a furnisher such as Defendant, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

45. Within the last two years, Defendant provided inaccurate information to the credit reporting agencies.

46. Within the past two years, Plaintiff notified TransUnion and Kroll that Plaintiff's reports concerning his M&T Bank account were inaccurate. Thereafter, the credit reporting agencies notified Defendant that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

47. Defendant violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. willfully and negligently failing to review all relevant information concerning Plaintiff's account;

c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and

h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

48. Defendant violated the FCRA by furnishing information about the Plaintiff to a consumer reporting agency, although Defendant knew, or consciously avoided knowing, that the information was misleading and inaccurate.

49. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. §§ 1681n and 1681o.

### Third Cause of Action
### Violations of the Minnesota Deceptive Practices Act
### (Minn. Stat. § 325D.44 *et seq*.)

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The Uniform Deceptive Practices Trade Act provide that "[a] person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person: engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding. Minn. Stat § 325D.44 subd. 1(13).

52. Defendant's conduct violated the Uniform Deceptive Practices Trade Act by attempting to (1) collect from Plaintiff a fee that it was not entitled and (2) repeatedly confirming to credit reporting agencies that Plaintiff was late paying his mortgage.

53. Plaintiff has a statutory private right of action against Defendant pursuant to Minn. Stat. § 325D.45, which includes costs and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendant as follows:

    (A)    Statutory damages;

    (B)    Actual damages;

(C) Punitive damages;

(D) Reasonable attorney's fees and costs; and

(E) Any other relief that this Court deems appropriate.

## TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: February 16, 2017.

        **STANEK LAW OFFICE**
        Attorney for Plaintiff
        */s/ Jon E. Stanek*
        By: Jon E. Stanek
        MN State Bar No. 388792
        P.O. Box 1085
        Eau Claire, WI 54702
        Telephone: (715) 379-0744
        E-mail: jon@staneklawoffice.com

## ACKNOWLEDGEMENT

The undersigned acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211, to the party against whom the allegations in this pleading are asserted.

Dated: February 16, 2017.

        **STANEK LAW OFFICE**
        Attorney for Plaintiff
        */s/ Jon E. Stanek*
        By: Jon E. Stanek
        MN State Bar No. 388792
        P.O. Box 1085
        Eau Claire, WI 54702
        Telephone: (715) 379-0744
        E-mail: jon@staneklawoffice.com