UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gregg A. Tusen, | Civ. No. 16-4339 (PAM/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| M&T Bank, Trans Union, LLC, and FD Holdings, LLC | |
| Defendants. | |

This matter is before the Court on Defendant M&T Bank's ("M&T") Motion to Dismiss. For the following reasons, the Motion is granted in part and denied in part.

**BACKGROUND**

In November 2012, Plaintiff Gregg A. Tusen filed for Chapter 13 bankruptcy. (4th Am. Compl. (Docket No. 54) ¶ 11.)[1] His bankruptcy petition included real property with an estimated value of $65,000, secured by a $103,225 mortgage with Bank of America. (Id. ¶ 12.) His bankruptcy plan also included a $1,560 delinquency owed to Bank of America. (Id. ¶ 13.) During the bankruptcy proceedings, Bank of America filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges, seeking $150. (Id. ¶ 14.) On July 25, 2013, M&T notified Tusen by letter that it was now servicing his mortgage on behalf of Bank of America. (Id. ¶ 15.) There is no dispute that Tusen voluntarily made his mortgage payments during the bankruptcy proceedings. (Id. ¶ 18.) However, M&T reported "no data" on these payments to credit reporting agencies because of the

---

[1] This pleading is labeled the Fifth Amended Complaint, but no fourth amended complaint was ever filed. Thus, the Court refers to it as the Fourth Amended Complaint.

1

bankruptcy stay. (Id. ¶ 26.) Tusen received his Chapter 13 discharge on December 22, 2015. (Id. ¶¶ 17-18.)

On January 4, 2016, M&T sent Tusen a mortgage statement that sought $650 as a "recoverable corporate advance," in addition to his regular $688.85 mortgage payment. (Id. ¶ 19.) Tusen disputed the extra charge and requested additional information. (Id. ¶¶ 20, 22.) M&T clarified that $500 of the $650 "recoverable corporate advance" was for attorney's fees, and the remaining $150 was for a bankruptcy filing in connection with the Notice of Postpetition Mortgage Fees, Expenses, and Charges originally filed by Bank of America. (Id. ¶ 21, Ex. 2.) M&T then withdrew its $500 demand for attorney's fees because it concluded that the amount was not recoverable from Tusen. (Id. ¶ 24.) M&T continues to seek $150 related to Bank of America's notice, and although he disputes that he owes this amount, Tusen conceded at oral argument that his claims relate only to the $500 demand for attorney's fees. (Id. ¶¶ 21, 24.)

After receiving the bankruptcy discharge, Tusen attempted to refinance his mortgage to lower his monthly mortgage payments. (Id. ¶ 25.) He requested a credit report from Defendant FD Holdings, LLC, which reported that he was delinquent on mortgage payments between August 2014 and February 2015. (Id. ¶ 28.) The next day, he requested a credit report from Defendant Trans Union, LLC, which reported "no data" during the same time period. (Id. ¶ 30.) It appears that both credit reporting agencies interpreted M&T report of "no data" as delinquent payments. (Id. ¶¶ 30-31.)

Tusen then mailed disputes to FD Holdings and Trans Union, challenging the "no data" reporting. (Id. ¶ 32.) M&T responded to Tusen's disputes twice; the second time

M&T stated that, after careful review, it had determined that Tusen's "account is reporting accurately in accordance with the bankruptcy laws and guidelines." (Id. ¶¶ 33, 35.) About three months later, Tusen again mailed disputes to FD Holdings and Trans Union, which included bank statements showing on-time mortgage payments. (Id. ¶ 36.) Instead of updating his payment history to "ok" as requested, Trans Union updated Tusen's payment history to show "x," meaning no data, from September 2013 to December 2015. (Id. ¶ 38.) On September 13, 2016, Tusen received his credit report from a different credit reporting agency reporting that he was current on all mortgage payments, and he successfully refinanced his mortgage. (Id. ¶¶ 40-41.)

Tusen's three-count Fourth Amended Complaint includes the following allegations against M&T. The first count alleges that M&T violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, by attempting to collect a fee to which M&T was not entitled and communicating that he was delinquent on mortgage payments to credit reporting agencies. (Id. ¶¶ 42-47.) The second count claims that M&T violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b), by reporting misleading and inaccurate information to credit reporting agencies. (Id. ¶¶ 48-53.) The third count alleges that M&T's actions also violate the Minnesota Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.44. (Id. ¶¶ 62-65.) M&T moves for dismissal of the Fourth Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**DISCUSSION**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the allegations in the Fourth Amended Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the non-moving party. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

**A.     FDCPA Claim**

The FDCPA prohibits debt collectors from using a "false, deceptive, or misleading representation" or "unfair or unconscionable means" in the collection of any debt. 15 U.S.C. §§ 1692e, 1692f. Tusen claims that M&T violated the FDCPA "by attempting to collect a fee from [him] that it was not entitled and by communicating with credit

4

reporting agencies that [he] was delinquent paying his mortgage." (4th Am. Compl. ¶ 47.) M&T moves to dismiss this claim, arguing that it is not a debt collector.

A debt collector is any person (1) "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A person who satisfies either definition triggers the statutory definition under the FDCPA. The Fourth Amended Complaint alleges only that M&T is a debt collector because "[a]t the time Bank of America transferred its mortgage servicing rights to M&T, [Tusen] was in default." (4th Am. Compl. ¶ 44.) In response to M&T's Motion, Tusen argues that M&T qualifies as a debt collector under either definition.

The first definition requires proof that M&T's principal business activity is debt collection. See A.W. v. Preferred Platinum Plan, Inc., 923 F. Supp. 2d 1168, 1171 (D. Minn. 2013) (Kyle, J.). Because Tusen never alleges that the principal purpose of M&T is debt collection, the Court concludes that this definition cannot apply.[2]

M&T contends that a business collecting debts on its own account is not a debt collector under the second statutory definition. In Henson v. Santander Consumer USA

---

[2] In his responsive memorandum, Tusen refers to an M&T webpage that mentions its collection services business, but the Court may not consider materials outside the pleadings. Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (citation omitted). And even if the Court considered it, this website is insufficient because it only demonstrates that one of M&T's business activities is debt collection. Rockridge Tr. v. Wells Fargo, N.A., 985 F. Supp. 2d 1110, 1137 (N.D. Cal. 2013) (stating that plaintiffs must allege that the principal purpose is debt collection, not that debt collection is "some part" of the business).

5

Inc., the Supreme Court recently concluded that a debt purchaser may "collect debts for its own account without triggering th[is] statutory definition." 137 S. Ct. 1718, 1721-22 (2017). It reasoned that the statute's plain terms focus "on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." Id. at 1721. M&T argues that, because it is attempting to collect a debt on its own account, it is not a debt collector.

The Court does not interpret Henson so broadly. The Supreme Court held that only "individuals and entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account" are not debt collectors. Id. Indeed, Henson repeatedly refers only to debts purchased. See, e.g., id. at 1721-22 ("[A] debt purchaser like Santander may indeed collect debts for its own account without triggering the statutory definition in dispute . . . ."); id. at 1724 (classifying Santander as "a company collecting purchased defaulted debt for its own account"); see also Bank of N.Y. Mellon Tr. Co. N.A. v. Henderson, 862 F.3d 29, 34 (D.C. Cir. 2017) (stating that a bank that purchases debt is not a debt collector, even if the debt was already in default). Here, the Fourth Amended Complaint alleges that the mortgage servicing rights were transferred to M&T, but the record contains no allegation that M&T purchased the debt. (4th Am. Compl. ¶¶ 15, 44.)

M&T claims that Henson only requires possession—not ownership—of a debt to fall outside the statutory definition of a debt collector. (Def.'s Reply Mem. (Docket No. 50) at 3.) But this assertion takes the Supreme Court's reasoning out of context, and it is without merit.

In summation, the Court concludes that Henson does not apply here, and M&T is a debt collector under 15 U.S.C. 1692a(6). The Motion on the FDCPA claim is denied.

**B.     FCRA Claim**

Tusen argues that M&T violated the FCRA by willfully and negligently failing to investigate, review, and correct allegedly inaccurate mortgage payment data. (4th Am. Compl. ¶¶ 52-53.) Under the FCRA, a creditor has an "obligation to conduct a reasonable investigation . . . when it receives a notice of dispute from a [Credit Reporting Agency ("CRA")]." Anderson v. EMC Mortg. Corp., 631 F.3d 905, 908 (8th Cir. 2011); see 15 U.S.C. § 1681s-2(b). Because Tusen did not allege that FD Holdings notified M&T of his dispute in credit reporting, the Court first notes that M&T was not subjected to the credit-furnishing requirements of 15 U.S.C. § 1681s-2(b) as it relates to FD Holdings. See id. at 907 (stating that the duties of a furnisher of credit information "are triggered by notice that its information is being disputed from a CRA, not from the consumer"). However, M&T was notified and responded to Tusen's credit-reporting dispute with Trans Union. (4th Am. Compl. ¶¶ 34-35.)

If a furnisher of credit information is notified of a consumer dispute, it must conduct a reasonable investigation "'with respect to the disputed information,' 'review all relevant information provided by the . . . reporting agency,' and, where an inaccuracy has been found, either modify the information, delete it, or permanently block its reporting." Johnson v. Collector, Inc., 127 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (Kyle, J.) (quoting 15 U.S.C. § 1681s-2(b)). Any creditor who willfully or negligently fails to comply violates the FCRA. 15 U.S.C. §§ 1681n, 1681o.

7

Tusen contends that M&T failed to correct what he believes are inaccuracies in M&T's reporting. Consequently, Tusen's FCRA claim turns on whether M&T's "no data" reporting is inaccurate, and if so, whether M&T violated 15 U.S.C. § 1681s-2(b) by failing to modify its reporting.

The Court concludes that M&T's "no data" reporting here is not inaccurate because the relevant time period of the "no data" reporting was during Tusen's bankruptcy proceedings. Other federal courts have reached the same conclusion on similar facts. See Groff v. Wells Fargo Home Mortg., Inc., 108 F. Supp. 3d 537, 542 (E.D. Mich. 2015) (concluding that a bank could not report payments voluntarily made during Chapter 7 bankruptcy proceedings because it would suggest "the bank was engaged in exactly the conduct prohibited by the bankruptcy"); Horsch v. Wells Fargo Home Mortg., 94 F. Supp. 3d 665, 674-75 (E.D. Pa. 2015) (dismissing claims that alleged that reporting a zero balance on post-bankruptcy accounts violated the FCRA).

Tusen argues that, unlike a Chapter 7 bankruptcy, his mortgage was not discharged in his Chapter 13 bankruptcy proceedings. But this distinction is irrelevant because the filing of any bankruptcy petition generally stays a collection action. 11 U.S.C. § 362. Thus, the Court concludes on the circumstances of case that reporting "no data" was not inaccurate or misleading because it reflected the very nature of bankruptcy proceedings. M&T's Motion on the FCRA claim is granted.

**C.    MDTPA Claim**

The MDTPA provides injunctive relief to "[a] person likely to be damaged by a deceptive trade practice." Minn. Stat. § 325D.45, subd. 1. A person engages in a

deceptive trade practice if, in the course of business, the person's conduct "creates a likelihood of confusion or of misunderstanding." Minn. Stat. § 325D.44, subd. 1(13). Tusen alleges that two separate communications by M&T violated the MDTPA: "(1) collect[ing] from [him] a fee that it was not entitled and (2) repeatedly confirming to credit reporting agencies that [he] was late paying his mortgage." (4th Am. Compl. ¶¶ 62-65.) The MDTPA only "provides relief from future damage, not past damage." Gardner v. First Am. Title Ins. Co., 296 F. Supp. 2d 1011, 1020 (D. Minn. 2003) (Kyle, J.) (quoting Lofquist v. Whitaker Buick-Jeep-Eagle, Inc., No. C5-01-767, 2001 WL 1530907, at *2 (Minn. Ct. App. Dec. 4, 2001)).

Tusen contends that future harm is likely because M&T is still reporting "no data" for his mortgage payments during relevant time period. But as discussed above, M&T's reporting is not inaccurate, and the Fourth Amended Complaint contains no allegation that M&T continues to report inaccurately. Indeed, Tusen alleges that he ultimately received "an accurate credit report" from a different credit reporting agency. (4th Am. Compl. ¶¶ 40-41.) Tusen also contends that "it is possible that [M&T], absent an injunction, could refuse to report the on-time payments" in the future. (Pl.'s Opp'n Mem. (Docket No. 42) at 15.) But "[m]erely demonstrating 'the possibility of harm' is not enough." Chlorine Inst., Inc. v. Soo Line R.R., 792 F.3d 903, 915 (8th Cir. 2015) (quoting Roudachevski v. All-Am. Care Ctrs., Inc., 648 F.3d 701, 706 (8th Cir. 2011)). Tusen's MDTPA claim fails as a matter of law.[3]

---

[3] Injunctive relief is also inappropriate related to M&T's demand of $500 in attorney's fees because Tusen concedes that M&T withdrew that demand. (4th Am. Compl. ¶ 24.)

Even if Tusen's claim alleged a likelihood of future harm, an MDTPA claim must also allege statements that are "provably false." McClure v. Am. Family Mut. Ins. Co., 223 F.3d 845, 855 (8th Cir. 2000). Here, the statements must create "a likelihood of confusion or of misunderstanding" to be provably false. Minn. Stat. § 325D.44, subd. 1(13). The Court concludes that M&T's reporting is not provably false because it is not inaccurate or misleading. M&T's Motion on Tusen's MDTPA claim is granted.

**CONCLUSION**

The Court concludes that Tusen's FCRA and MDTPA claims are without merit as to M&T and grants the Motion with respect to these claims. Because M&T is a debt collector, the Court denies the Motion on Tusen's FDCPA claim. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant M&T's Motion to Dismiss (Docket No. 29) is **GRANTED in part and DENIED in part**; and

2. Counts II and III of Tusen's Fourth Amended Complaint (Docket No. 54) are **DISMISSED with prejudice** as to Defendant M&T.

Dated: October 31, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge